UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUIANNE JONES**,<br><br>      Plaintiff,<br><br>  v.<br><br>**DONALD J. TRUMP**,<br><br>      Defendant. | Civil Action No. 23-3368 (TSC) |

## MEMORANDUM OPINION

Plaintiff Julianne Jones, proceeding *pro se* and *in forma pauperis*, initiated this civil action in the Superior Court of the District of Columbia, against Defendant, then President Joseph R. Biden, now President Donald J. Trump in his official capacity as successor to President Biden. Compl., *Jones v. Biden*, No. 2023-CAB-004079 (D.C. Super. Ct. July 10, 2023).[1] Defendant removed the action pursuant to 28 U.S.C. § 1442(a)(1) on November 9, 2023. Notice of Removal, ECF No. 1. Defendant has moved to dismiss for insufficient service of process. ECF No. 11. Because Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(d), the court will not dismiss for insufficient service of process. Instead, the court will *sua sponte* dismiss the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 1915, courts may authorize plaintiffs to proceed *in forma pauperis* if they are unable to pay court fees. D.C. Superior Court granted Plaintiff's request to proceed *in*

---

[1] Defendant attached a copy of the Superior Court's docket sheet to the Notice of Removal (ECF No. 1). The Court takes judicial notice of publicly available Superior Court records, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005), and has reviewed the full docket online.

*forma pauperis* without prepayment of costs, *Jones v. Biden*, No. 2023-CAB-004079 (D.C. Super. Ct. July 10, 2023), which carries over to this court after removal, *Weekes v. U.S. Postal Serv.*, No. 13-cv-1593, 2014 WL 1338608, at *1 n.1 (D.D.C. Apr. 4, 2014).  Under Federal Rule of Civil Procedure 4(c), the court must order the U.S. Marshals to effectuate service for individuals proceeding *in forma pauperis*.  Fed. R. Civ. P. 4(c)(3).  A plaintiff "generally should not be penalized for court officers' failure or mistake in properly effecting service." *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2011) (collecting cases).  Therefore, the court will not dismiss for insufficient process.

Dismissal is nonetheless warranted because Plaintiff's action is frivolous.  Plaintiff's Complaint states:

> President Biden is not doing his job which America pays him money.  He is not following his advisors advice . . . and acts like he doesn't have any formal education.  Our country is suffering and he start acting like a President by providing pizza in the presidents park every day from 12p–4p.  President Biden needs to provide[] pizza/soda every day [from] 12p–4p to show that he is trying [to] fix America, needs to give all citizens access to the food stamp ebt card, provide housing for the homeless, monthly stimulus, etc.

Compl. at 1, ECF No. 7.  Plaintiff's Amended Complaint, filed two days later, contains no factual allegations, but demands a "$350,000 consulting fee for finding a solution on how to feed America during lunch from 12p–4p daily." Am. Compl., ECF No. 1-1.

The federal *in forma pauperis* statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted).  To "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11[,]" *id.* at 327, however, courts "shall dismiss . . . frivolous or malicious" actions filed

by plaintiffs proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i). A complaint that "lacks an arguable basis either in law or in fact" is frivolous. *Neitzke*, 490 U.S. at 326. Although *pro se* litigants are held to less stringent standards, the court concludes Plaintiff's claim is frivolous. Plaintiff demands $350,000 for a vague and illogical list of policy ideas, including that the President personally provide pizza and soda to the public for four hours every day. Compl. at 1. The claim rests on "irrational or wholly incredible" factual allegations and "an indisputably meritless legal theory." *Jordan v. Quander*, 882 F. Supp. 2d 88, 97 (D.D. C. 2012). Unprompted, fanciful policy ideas do not give rise to a legal claim and claims "describing fantastic or delusional scenarios fall into the frivolous category." *Id.*; *see, e.g., Brown v. Off. of Cong., Legis. & Pub. Affairs*, 587 F. Supp. 2d 131, 131 (D.D.C. 1009) (demand for "bill or formal resolution" shutting down "practices of the occult" "presents precisely the sort of 'fantastical or delusional scenarios' that warrant dismissal" (citation omitted)); *Rattler v. Sec'y of Health and Hum. Servs.*, 736 F. Supp. 2d 1, 1 (D.D.C. 2010) (dismissing claim for "unlimited sum of money, supernatural powers[,], and the right to be awarded benefits" as frivolous). Because it is "patently obvious" that Plaintiff cannot prevail on the facts alleged in her complaint, *sua sponte* dismissal is appropriate. *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990). An Order shall issue separately.

Date: May 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge